UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

COOPER-BOOTH TRANSPORTATION  :
COMPANY, L.P.,              :
                            :
            Plaintiff,      :
                            :
        v.                  :  No. 5:17-cv-3884
                            :
DAIMLER TRUCKS OF           :
NORTH AMERICA, LLC, and     :
DETROIT DIESEL CORPORATION, :
                            :
            Defendants.     :
_____

**O P I N I O N**

**Defendant Detroit Diesel Corporation's Motion to Dismiss, ECF No. 12—Granted in Part
Defendant Daimler Trucks of North America, LLC's Motion to Dismiss,
ECF No. 13—Granted in Part**

**Joseph F. Leeson, Jr.**                                                April 23, 2018
**United States District Judge**

## I. BACKGROUND

Plaintiff Cooper-Booth Transportation Co. bought nine Daimler box trucks, with Detroit Diesel engines, in March and April of 2013. Complaint ¶ 9, ECF No. 1. Cooper-Booth alleges that the purchase was subject to an express Basic Warranty, by which Defendant Daimler Trucks of North America, LLC, and Defendant Detroit Diesel Corporation warranted the trucks against defects for 24 months from the date of purchase plus an additional 36 months for specific component parts. Compl. ¶ 10. This warranty covered any repairs due to defects, and was supplemented by additional warranties in Daimler and Detroit Diesel's warranty booklets and owner's manual. Compl. ¶¶ 10-11. Cooper-Booth alleges that the trucks exhibit "debilitating powertrain defects" affecting the fuel injectors, diesel oxidation catalysts, and electronic control

modules. Compl. ¶ 13. The fleet was out of service for repairs for over fifty days, which caused Cooper-Booth to lose profits. Compl. ¶¶ 14, 16. Cooper-Booth alleges that Daimler and Detroit Diesel have refused to honor the warranties covering the defects. Compl. ¶ 15. In its Complaint, filed in August 2017, Cooper-Booth brings three claims against both Defendants: (1) breach of express warranties; (2) breach of implied warranties; and (3) breach of contract, seeking to recover repair expenses and lost profits.

Both Defendants have filed motions to dismiss, arguing that Cooper-Booth's warranty claims are untimely and that Defendants disclaimed warranties. They attach to their motions documents they allege to be the operative warranty agreements on which Cooper-Booth bases its claims. However, Cooper-Booth contends that it never saw these documents and that they do not reflect the warranties as Cooper-Booth understood them.

This Court concludes that Cooper-Booth's express warranty claims are timely, but that the statute of limitations bars its implied warranty claims. Additionally, Cooper-Booth's breach of contract claim is duplicative of the warranty claims. Therefore, this Court grants Defendants' motions in part, and Cooper-Booth may proceed on its express warranty claims.

II.     **LEGAL STANDARD**

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. ANALYSIS

### A. Attachments to Motions to Dismiss

Because the viability of Cooper-Booth's claims depends on an analysis of the applicable warranties, this Court must first determine which warranties to analyze. Defendants both attach documents to their motions to dismiss that they offer as the warranty contracts that cover Cooper-Booth's trucks. Cooper-Booth responds that it never received the documents Defendants attach and that they do not reflect the terms of the warranties as Cooper-Booth understood them.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). This Court has the option to convert Defendants' motions to dismiss into motions for summary judgment and consider matters outside the pleadings, as long as all parties receive a reasonable opportunity to present all material pertinent to a Rule 56 motion. *See* Fed. R. Civ. P. 12(d). "Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court" without converting a 12(b)(6) motion into a motion for summary judgment, provided that neither party disputes the document's authenticity. *Pryor v.*

*NCAA,* 288 F.3d 548, 560 (3d Cir. 2002) (quoting 27A Fed. Proc., L.Ed. § 62:466 (West 2009)). The court may also consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Id.*

Although Cooper-Booth's complaint alleges the contents of warranty documents, which are central to Cooper-Booth's claims, Cooper-Booth contests the authenticity of the warranty documents that Defendants attach to their motions. Therefore, these documents are not considered part of the pleadings, and this Court may not automatically consider them. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (holding that dismissal of securities fraud suit for failure to state claim was improperly based on consideration of matters outside pleading such as offering memoranda, annual reports, and a prospectus where factual questions existed as to whether plaintiffs received any of these documents before investing).

This Court declines to exercise its option to convert Defendants' motions into motions for summary judgment, given that the parties have not completed substantial discovery and dispute various key facts. *See Myers v. Garfield & Johnson Enterprises, Inc.*, 679 F. Supp. 2d 598, 603 (E.D. Pa. 2010) (declining to convert motion to dismiss into motion for summary judgment and consider documents outside the pleadings where parties had not yet conducted discovery). This Court will analyze Cooper-Booth's warranty claims based solely on the allegations in the Complaint, drawing all inferences in Cooper-Booth's favor.

### B. Express Warranty Claims

Cooper-Booth alleges that Daimler and Detroit Diesel warranted the trucks against defects for a period of twenty-four months from the date of purchase, and for an additional thirty-six months, or up to five hundred thousand miles, for all component parts relevant to this suit. Defendants argue that the statute of limitations bars Cooper-Booth's warranty claims.

Under Pennsylvania law, the statute of limitations for a breach of warranty claim is four years. 13 Pa. C.S. § 2725(a); *Zaleski v. Melt Rest.*, No. CV 15-2551, 2016 WL 3087392, at *3 (E.D. Pa. June 1, 2016). Ordinarily, a cause of action for breach of warranty accrues when the seller makes tender of delivery; however, if the warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance," the cause of action accrues when the breach is or should have been discovered. 13 Pa. C.S. § 2725(b). Defendants argue that Cooper-Booth's warranty claims accrued when the dealer tendered the trucks in March and April 2013; therefore, Cooper-Booth filed its Complaint more than four years later, in August 2017, and its warranty claims are untimely. Cooper-Booth contends that Defendants made warranties of future performance, so its cause of action accrued when it discovered the defects in 2014 and the claims are timely.[1]

The Pennsylvania Supreme Court determined the limitations period for a breach of a similar warranty in *Nationwide Insurance Co. v. General Motors Corp.*, 625 A.2d 1172 (Pa. 1993). There, the plaintiff sued for breach of a car warranty providing that the dealer would make necessary repairs for twelve months or 12,000 miles, whichever came first. *Id.* at 1175. The plaintiff brought suit within four years of the date that the car displayed a defect, but not within four years of the date of tender of delivery; thus, the timeliness of the claims depended on whether the warranty satisfied the future performance exception under 13 Pa. C.S. § 2725(b)

---

[1] Defendants' argument that Cooper-Booth's warranty claims are untimely because it filed the Complaint after the twenty-four-month warranty period expired confuses the duration of a warranty with the limitations period for bringing a claim for a breach of that warranty. *See La Liberte, LLC v. Keating Bldg. Corp.*, No. CIV.A. 07-1397, 2008 WL 436912, at *3 (E.D. Pa. Feb. 15, 2008) ("The duration of any given warranty is controlled by the terms of the contract in which it is contained. The time to sue for breach of warranty, on the other hand, is controlled by the applicable statute of limitations or the limitations period set forth in the contract, if the parties have exercised their right to set a shorter period."). Plaintiffs have not alleged that the warranties defined a specific limitations period; therefore, the state law default period applies.

such that the claims accrued upon discovery of the defect. *Id.* at 1174. The court found that plaintiff's warranty claims were timely because the twelve-year/12,000-mile warranty provision explicitly extended to future performance. *Id.* at 1173. Because "the focus of § 2725 is not on *what* is promised, but on the duration of the promise—*i.e.,* the period to which the promise extends," the court reasoned that "the phrase 'explicitly extends to future performance' can be interpreted to include a promise that, by its terms, comes into play upon, or is contingent upon, the future performance of the goods." *Id.* at 1176 (emphasis in original). The court found "little doubt" that the twelve-year/12,000-mile warranty gave an explicit extension to future performance, because the promise to make repairs could not be breached until the car required repair or replacement, and discovery of the breach had to "await the time of [future] performance." *Id.* (quoting 13 Pa. C.S. § 2725(b)) (alteration in original).

Cooper-Booth alleges that Defendants warranted to repair or replace defects for twenty-four months from purchase and an additional thirty-six months or 500,000 miles for the components at issue. *See* Compl. ¶¶ 10-11. Similar to the warranty in *Nationwide*, this promise had a specific duration and could not be breached until the trucks required actual repair or replacement. Thus, this Court follows *Nationwide* and concludes that Cooper-Booth alleges a breach of an express warranty that explicitly extends to future performance. *See also Keller v. Volkswagen of Am., Inc.*, 733 A.2d 642, 645 (Pa. Super. Ct. 1999) (holding that two-year/24,000-mile warranty fell within the "future performance" exception outlined in Section 2725). Therefore, under 13 Pa. C.S. § 2725(b), Cooper-Booth's express warranty claims accrued when it discovered the defects in 2014, and it filed its Complaint within the four-year limitations

6
042318

period. Defendants' motions to dismiss are denied with respect to Cooper-Booth's express warranty claims.[2]

### C. Implied Warranty Claims

Cooper-Booth's implied warranty claims, however, are barred by the statute of limitations. The court in *Nationwide* held that implied warranties of merchantability and fitness for a particular purpose do not explicitly extend to future performance and the Section 2725(b) exception does not apply; thus, a cause of action for their breach accrues upon tender of delivery. *See Nationwide*, 625 A.2d at 1178 (finding implied warranty claims barred by the statute of limitations); *see also Red Rose Transit Auth. v. N. Am. Bus Indus.*, No. CIV.A. 11-1146, 2013 WL 180201, at *6 (E.D. Pa. Jan. 16, 2013) (applying *Nationwide* and holding that claim of breach of implied warranty of twelve years and/or 500,000 miles was untimely because implied warranties are breached at the time of delivery); *Busche v. Monaco Coach Corp.*, No. CIV A 06-3801, 2006 WL 3302477, at *4 (E.D. Pa. Nov. 13, 2006) (dismissing implied warranty claims as untimely because they accrued on the date tender of delivery was made); *Antz v. GAF Materials Corp.*, 719 A.2d 758, 760 (Pa. Super. Ct. 1998) ("Implied warranties of merchantability and fitness for a particular purpose cannot explicitly extend to future performance."). Therefore, Cooper-Booth's implied warranty claims accrued upon tender of delivery in March and April 2013; Cooper-Booth filed these claims too late in August 2017. Therefore, Cooper-Booth's implied warranty claims are dismissed.

---

[2] This Court does not address Defendants' alternative argument that their warranties expressly disclaimed consequential damages and limited recovery to repair costs or Daimler's argument that its warranty did not apply to the trucks' engines, because these arguments depend upon the documents Defendants attach to their motions. As discussed above, this Court declines to consider those documents at the motion to dismiss stage.

### D. Breach of Contract Claims

Cooper-Booth's breach of contract claims will also be dismissed. Cooper-Booth alleges additional "representations" by the Defendants, but provides no additional facts explaining the nature of these representations, and does not allege the existence of a contract apart from the warranties. The contract claims rest on the same allegations as the warranty claims, and are therefore duplicative. *See Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 626 (E.D. Pa. 2010) (recognizing authority of court to dismiss duplicative claims); *Pro-Spec Painting, Inc. v. Sherwin-Williams Co.*, No. CV 16-2373 (JBS/AMD), 2017 WL 2106123, at *6 (D.N.J. May 15, 2017) (dismissing duplicative claim without prejudice in case plaintiff sought to amend complaint to allege breach of a different contractual term than warranty claim); *Robinson v. Kia Motors Am., Inc.*, No. CIV.A. 13-006, 2015 WL 5334739, at *15 (D.N.J. Sept. 11, 2015) (dismissing breach of contract claim as duplicative of express warranty claim where plaintiffs identified no contract between the parties other than the express warranty). Cooper-Booth's breach of contract claims therefore are dismissed without prejudice in the event it can amend its Complaint to allege breach of a contractual term other than the warranties.

### IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are granted in part. The motions are denied with respect to Cooper-Booth's express warranty claims, and granted with respect to its implied warranty and breach of contract claims. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge